UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LeRoy** | **Civil Action** |
| **Versus** | **Number: 06-5365** |
| **Sarah S. Vance** | **Section: K(3)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned Magistrate Judge for the purpose of handling all pre-trial matters including an evidentiary hearing, if necessary, and the submission of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.[1] For the reasons set forth below, this Court RECOMMENDS that plaintiff's complaint in the captioned matter be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i-ii).

**I.      Background**

The plaintiff, LeRoy, filed this *pro se* and *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 against the Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana. Plaintiff alleges that Judge Vance violated his rights under the Fourteenth Amendment of the Constitution of the United States. Under the broad reading afforded *pro se* litigants, LeRoy claims that Judge Vance failed to schedule a hearing on his Motion for Injunctive Relief against Phillips and Jordan, Inc. in another matter pending on the

---

[1] It unnecessary to conduct an evidentiary hearing or to allow plaintiff an opportunity to amend his complaint because the underlying defect in this case cannot be cured by an amendment. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir.1999); *see also Juarez v. Short*, 84 Fed. App'x  420, 424 (5th Cir.2003).

docket of this Court. *See LeRoy v. EEOC, et al*, La. E. D. Dkt. No. 06-3426 (alleging race discrimination and seeking to stop all operations conducted by that corporation in connection with the Katrina Project). LeRoy seeks to have Civil Action No. 06-3426 and the motion for injunctive relief reassigned to a section other than Section "R" (Judge Vance's section) for hearing and a resolution.

A review of the record reflects that, on July 6, 2006, LeRoy a/k/a Derek McSmith filed a complaint seeking injunctive relief against the United States Equal Employment Opportunity Commission (EEOC), Phillips and Jordan, Inc. and John Berendsen, alleging denial of due process, fraud and discrimination. *See LeRoy v. EEOC, et al*, La. E. D. Dkt. No. 06-3426 (seeking an injunctive decree ordering the EEOC to issue a notice of right to sue, *inter alia*). On July 20, 2006, plaintiff filed an Amended Complaint. Then, on July 24, 2006, plaintiff filed the Motion for Injunctive Relief (Doc. #12) against defendant Phillips and Jordan, Inc. Thereafter, on August 7, 2006, plaintiff filed a Motion for Hearing (Doc. #26) requesting oral argument before Judge Vance on his motion for emergency relief. On August 9, 2006, LeRoy filed a Motion to Transfer (Doc. #27), which was construed by Judge Vance as a motion to reallot his case to another section of court and denied. *See LeRoy v. EEOC, et al*, La. E. D. Dkt. No. 06-3426, Order dated September 6, 2006.

On September 20, 2006, plaintiff's case against the EEOC and Phillips and Jordan, Inc. was reallotted to Section "C"(1), pursuant to Judge Vance's order disqualifying her from acting on the case due to plaintiff's pending complaint against her in the case at bar.

**II.    Standard of Review**

28 U.S.C. § 1915(e)(2)(B) provides the relevant standards, to wit:

2

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that ... the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) (italicized emphasis added).

The plain language of 28 U.S.C. § 1915(e)(2) *requires* dismissal of plaintiff's *pro se* complaint if the Court is satisfied that the action is "frivolous or malicious [or] fails to state a claim upon which relief may be granted."[2]  The relevant section of the aforesaid statute makes no distinction between prisoner and non-prisoner pauper cases.  In an action filed *in forma pauperis* under Section 1915(e), a federal court may consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file.[3]  Although *pro se* pleadings must be construed liberally,[4] the Court is authorized to test the pleadings for frivolousness or maliciousness even before service of process or before the filing of an answer.

---

[2] *See* 28 U.S.C. § 1915(e)(2)(i-ii); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact); *Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new and that it is privilege extended to those unable to pay filing fees *where it is not apparent that the claims do not lack merit on their face*).

[3] *Neitzke v. Williams,* 490 U.S. at 327.

[4] *See  Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990)(noting that an early determination of the merits of an IFP proceeding provides a significant benefit to the courts (because it will allow them use of their scarce resources effectively and efficiently) and to the government officials sued (because it will free them from the burdens of frivolous and harassing litigation)).

**III.     Article III Case or Controversy**

To satisfy Article III of the United States Constitution, an actual, ongoing case or controversy must exist.[5]  Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," and confines them to resolving "'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' "[6]  Reduced to its most basic terms, then, a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation.[7]  The "case or controversy" requirement exists at all stages of the litigation, and "it is not enough that a dispute was very much alive when suit was filed...."[8]

The only relief plaintiff seeks in this § 1983 case is the reassignment of Civil Action No. 06-3426 from Judge Vance's section to another section of this Court for disposition.  The aforesaid case has been realloted to Chief Judge Berrigan and plaintiff has not prayed for damages.  Accordingly,  the case at bar is moot.

**IV.     Absolute Judicial Immunity**

It is well established that absolute judicial immunity protects a judge from liability for all judicial functions, so long as he or she does not act in clear absence of all jurisdiction.  Absolute immunity applies even where the judge's "exercise of authority is flawed by grave procedural

---

[5]*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

[6]*Id.*, at 477 (citations omitted).

[7]*Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

[8]*Lewis*, 494 U.S. at 477.

errors" or where the judge "took action maliciously or was in excess of his authority."[9] The allegations of the plaintiff's complaint against Judge Vance demonstrate that she was acting within her judicial discretion at all pertinent times.  Therefore, Judge Vance is immune from liability for damages under § 1983.

With respect to injunctive relief, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.  The FCIA pretermits the availability of injunctive relief against a state or federal judge in his or her official capacity.[10]  Injunctive relief is not available to plaintiff in this Section 1983 action against Judge Vance.

## V. Conclusion

As explained above, this case should be dismissed in its entirety as moot because there is no longer any case or controversy.  Alternatively, it is clearly established that the defendant judge is absolutely immune from plaintiff's suit filed pursuant to § 1983.[11]

## VI. Recommendation

Accordingly and for all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint against United States District Judge Vance be DISMISSED AS MOOT

---

[9]*Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir.1995).

[10]*See Knight v. Colens,* 2006 WL 2849774 (E. D. La. Oct. 3, 2006) (Barbier, J.).

[11]*See Wightman v. Jones,* 809 F.Supp. 474 (N. D. Tex. 1992) (judicial immunity bars an award of monetary damages and declaratory or injunctive relief against federal judges in a *Bivens* action); *see also Brandley,* 64 F.3d at 200.

in the absence of an Article III case or controversy and, alternatively, that plaintiff's case against Judge Vance be DISMISSED WITH PREJUDICE as legally and factually frivolous and otherwise for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i-ii) on the basis of absolute judicial immunity.

## VII.   Objections

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result form a failure to object.  *Douglass v. United States Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 31st day of January, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**